UNITED STATES DISTRICT COURT
EASTERN DISTRICT
-----------------------------------------------------------X   Case No. 15-CV-3244
PHOENIX ENTERTAINMENT
PARTNERS, LLC,

                  Plaintiff,

    - against -                                  ORDER, JUDGMENT, AND
                                                          PERMANENT INJUNCTION
                                                          AGAINST DEFENDANT
                                                          HEATHER M. LOTRUGLIO
                                                          a/k/a HEATHER HEART
                                                          LOTRUGLIO d/b/a KARAOKE
                                                          WITH FRIENDS

HEATHER M. LOTRUGLIO a/k/a
HEATHER HEART LOTRUGLIO d/b/a
KARAOKE WITH FRIENDS,

                  Defendant.
-----------------------------------------------------------X

        FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★    FEB 29 2016    ★

LONG ISLAND OFFICE

       This matter is before the Court upon the Motion of the Plaintiff, Phoenix Entertainment Partners, LLC ("Plaintiff"), pursuant to Fed.R.Civ.P. 55(b)(2), for a judgment by default against Defendant Heather M. Lotruglio a/k/a Heather Heart Lotruglio d/b/a Karaoke with Friends ("Defendant"). Based upon a review of the evidence before the Court, the Court makes the following:

## FINDINGS OF FACT

1.    On June 4, 2015, the Plaintiff commenced this action against the Defendant, alleging trademark and trade dress infringement under 15 U.S.C. §1114, trademark counterfeiting under 15 U.S.C. §1114, unfair competition under 15 U.S.C. §1125(a), unfair and deceptive trade practice under New York General Business Law §349, and unfair competition under the common law of New York.

2.    On June 18, 2015 Defendant was served with the Complaint.

3. Defendant failed to answer or otherwise respond to the Complaint within the time required by Fed. R. Civ. P. 12, and the Clerk of the Court noted default on January 20, 2016.

4. Plaintiff is the owner of U.S. Trademark Registrations No. 1,923,448 and 4,099,045, both for SOUND CHOICE®, and of U.S. Trademark Registrations No. 2,000,725 and 4,099,052, both for a display trademark SOUND CHOICE & Design® ("the Marks"). Plaintiff is also the owner, by virtue of assignment, of the distinctive and protectable trade dress associated with its graphical display. This distinctive and protectable trade dress includes, at minimum, (a) the use of a particular typeface, style, and visual arrangement in displaying the lyrics; (b) the SOUND CHOICE marks; and (c) the use of particular styles in displaying entry cues for singers.

5. The Plaintiff has consistently used the ® symbol to denote the registration of the Marks and thereby to give notice to the public that the Marks are federally registered.

6. Defendant used a reproduction, counterfeit, or copy of the Marks in connection with the provision of karaoke services.

7. Defendant has directly benefited from the use of a reproduction, counterfeit, or copy of the Marks in connection with the provision of karaoke services, when Defendant displayed that reproduction, counterfeit, or copy during the provision of their services.

8. Defendant did not have a license or other permission to create digitized copies of the Plaintiff's karaoke discs or of the karaoke tracks contained thereon.

9. An unauthorized digitized copy of the Plaintiff's karaoke discs or music tracks is a counterfeit.

10. Defendant did not have a license to use counterfeit tracks in connection with their provision of karaoke services.

11. Defendant's unauthorized use of counterfeits of the Marks is likely to cause consumer confusion by deceiving their customers and/or patrons into believing that the services are being provided with Plaintiff's authorization.

12. Plaintiff has been harmed by Defendant's infringing activities.

13. Plaintiff's actions were willful.

14. Defendant benefitted financially from the karaoke shows performed, specifically through the use of counterfeit goods bearing the Marks.

15. The Plaintiff has been harmed by Defendant's infringing activities, and will continue to be harmed if Defendant is not enjoined from further infringement.

16. The Plaintiff has elected to receive an award of statutory damages from Defendant.

Based upon the foregoing facts, the Court makes the following:

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter of this action as it arises under an act of Congress relating to trademarks, particularly including federally registered trademarks.

2. This Court has personal jurisdiction over Defendant, and venue is proper in this judicial district.

3. The allegations pled in the Complaint, by virtue of the Defendant's default, are deemed to have been admitted by Defendant.

4. By using counterfeit materials bearing the Marks to put on karaoke shows and by displaying the Marks during the course of its shows, the Defendant has committed

acts that are likely to cause confusion among consumers of their services as to authorization, sponsorship, and affiliation of their services with Plaintiff. In particular, customers and/or patrons who visit karaoke establishments where the Defendant puts on karaoke shows are likely to be deceived into believing that the services are being provided with the Plaintiff's authorization.

5. Defendant had the ability to control and exercise control over the use of infringing products, had knowledge that infringing products were being used to provide services, and derived a direct financial benefit from the use of the infringing products.

6. Consequently, Defendant's activities constitute trademark infringement involving counterfeiting.

7. Defendant's infringement was willful and knowing.

8. The Plaintiff is entitled to a damage award for infringement of its registered trademarks, in an amount between $1,000.00 and $2,000,000.00 per mark, as the Court may determine.

9. The Court finds that an award of $1,100 [handwritten, struck through amount] is supported by the evidence of record and will be sufficient to compensate the Plaintiff for their losses and to deter others from engaging in similar conduct.

10. The Plaintiff is also entitled to a permanent injunction against Defendant's acts of infringement of its trademarks.

## JUDGMENT AND PERMANENT INJUNCTION

Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

1. Judgment by default is hereby entered in favor of the Plaintiff against Defendant Heather M. Lotruglio a/k/a Heather Heart Lotruglio d/b/a Karaoke with Friends.


2. Pursuant to 15 U.S.C. § 1117, Defendant is hereby ordered to pay the sum of [$1,500] ~~$50,000.00~~ to Plaintiff, with accrual of interest from the date of entry of this judgment until paid at the legal rate, pursuant to 28 U.S.C. § 1961.

3. Defendant and its agents, employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently ENJOINED (a) from using (including making, copying, sharing, distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration No. 1,923,448 and 4,099,045, both for SOUND CHOICE®, or the mark in U.S. Trademark Registration No. 2,000,725 and 4,099,052, both for a display trademark SOUND CHOICE & Design®, without the prior, express written permission of Plaintiff or its successor-in-interest, if any, to the ownership of those marks, and (b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are marked with any mark or other designation belong to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

4. ~~This Court retains jurisdiction over this matter for purposes of enforcement of this Order.~~

                                                s/ Sandra J. Feuerstein
Entered: _____
                                                  Honorable Sandra J. Feuerstein
                                                  United States District Court Judge

Dated: Feb. 29, 2016